THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Michael D. Rose,       
Appellant.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-443
Submitted April 18, 2003  Filed June 
 26, 2003   

AFFIRMED

 
 
 
Michael D. Rose, 100 Arthur Drive, of Piedmont, for Appellant.
Stacey L. Kaufman, S.C. Dept. of Social Services, of Greenville, for Respondent.
 
 
 

PER CURIAM: In this paternity and child 
 support action, Appellant Michael D. Rose asks this Court to reverse the trial 
 courts denial of his motion to restore his case back on the docket of active 
 cases.  We affirm.  
FACTS AND PROCEDURAL HISTORY
 The South Carolina Department of Social 
 Services (DSS) initiated this action against Rose on March 19, 1997 seeking 
 to establish paternity and child support for Dorothy E. Rose, d.o.b. June 16, 
 1990.  Rose failed to respond to the Notice of Financial Responsibility or appear 
 for the negotiation conference/genetic tests and an affidavit of default was 
 filed on April 18, 1997.  An order for default was issued on this same date 
 finding Rose to be the father of the minor child and ordering child support.  
 Rose filed a motion to restore this matter back on the docket of active cases 
 on April 16, 2002.  This motion was denied on May 9, 2002.  This appeal follows.  

LAW/ANALYSIS
Rose contends the family court erred in failing 
 to restore his case back on the docket of active cases.  Rose contends that 
 he was not served with a summons and complaint or a notice of financial responsibility 
 on March 19, 1997.  
Rose argues that in March of 1996 he was in an 
 automobile accident that rendered him mentally and physically disabled.  Following 
 this accident, Rose was incarcerated at Broad River Correctional Facility and 
 was released on March 15, 1997.  At the time of his release, Rose argues that 
 he was still unable to care for himself mentally and physically, was confined 
 in a wheelchair, and therefore went to live with his friend Gary Coxs on Old 
 Pelzer Rd., who agreed to care for Rose.  Rose contends that the address listed 
 on the service of process, 9807 Augusta Road, was not his residence and he did 
 not receive the paperwork.  
Rose was rearrested 
 [1] on April 1, 1997 and placed in the Pickens County jail.  Rose 
 argues that he was still unable to care for himself physically and mentally.  
 Rose admits that he received some paperwork 
 [2] while at the Pickens county jail, but avers he did 
 nor understand the purpose of the papers.  Rose was then tried and convicted 
 on the pending charges and incarcerated in the South Carolina Department of 
 Corrections.  Rose began to recover from his physical ailments and began to 
 walk again, but then he contends he began to have severe mental seizures and 
 was prescribed medication for the seizures.  Rose states that he was placed 
 on 24 hour medical care.  Rose contends that his physical and mental disabilities, 
 and the fact that he is incarcerated, rendered him unable to properly respond 
 to the order of default.  Rose further argues that he never received the Notice 
 of Financial Responsibility and Paternity determination.    Rose is presently 
 incarcerated.  
We find that Rose did not file the proper motion with the trial court to have 
 his case reopened.  Instead of bringing a motion to restore, Rose would have 
 to file a motion to set aside a default judgment under Rule 55, SCRCP which 
 states that for good cause shown the court may set aside an entry of default 
 and, if a judgment by default has been entered, may likewise set it aside in 
 accordance with Rule 60(b).
AFFIRMED.
CURETON, ANDERSON and HUFF, JJ., concur.     

 
 [1] Rose states that this arrest stemmed 
 from charges pending prior to his accident.  

 
 [2] It would appear that Rose was served 
 with the Order of Default while in the Pickens County jail.